JEFFREY SPENCER v. PLANO MANUFACTURING COMPANY.

January 31, 1900.

Nos. 11,909—(198).

Loss of Collateral Note—Action for Value—Insolvency of Makers.

In an action to recover the value of a pledged note from the pledgee, who has lost the same, upon the sole ground that the makers of such lost note were insolvent within specified times when it might have been collected, *held*, that judgment should have been ordered for the pledgee, for the reason that the insolvency of the makers of the lost note was shown at the material times, beyond any question.

Action in the district court for Big Stone county to recover $404.21 damages, being the amount of principal and interest of a promissory note pledged with defendant, which it had failed to return after payment of the indebtedness secured. The case was tried before C. L. Brown, J., and a jury, which rendered a verdict in favor of plaintiff for $385.17. From an order denying a motion for judgment in its favor notwithstanding the verdict, but granting

a new trial, defendant appealed. Reversed, and remanded with directions to enter judgment in favor of defendant.

*Fred. W. Reed*, for appellant

*Ray G. Farrington*, for respondent.

LOVELY, J.[1]

Jeffrey Spencer gave a note to the Plano Manufacturing Company for $61.18, due October 1, 1894, and afterwards delivered to the payee of such note, as collateral security for the payment of his own debt, another note, of $273, running to himself, and made by one Brunell and wife, which latter note became due on October 1 of the same year. On September 27, 1895, Spencer paid his note to the Plano Company, and demanded from it the return of the Brunell note which was then overdue. The collateral note was not, however, returned to Spencer, for the reason, as subsequently appears, that it had been lost while in the hands of the pledgee, who has never returned it to the owner, and did not in fact notify him that it had been lost until after July 1, 1897, when the company disclaimed any interest in the same, in favor of Spencer. Spencer, after several ineffectual efforts to obtain possession of the Brunell note, brought suit against the Plano Company to recover the amount thereof, with interest, upon the sole ground, as alleged in his complaint, that between the time when he paid his own note and demanded the return of the Brunell note, and the time when he first learned that it had been lost,

"The makers of said note were solvent, and, if plaintiff [Spencer] had had possession of said [collateral] note, he could then have collected the same, but that now, and at all times since defendant [Plano Company] has claimed said note to be lost, the makers thereof [Brunell and wife] have been insolvent, and plaintiff unable to collect said note."

The solvency of Brunell and wife at the times stated above was denied by the answer, and upon the very limited issues thus made the cause was tried, and the jury returned a verdict for plaintiff for the full amount of the collateral note and interest.

The Plano Company made a motion under the statute (Laws 1895, c. 320) for judgment notwithstanding the verdict, and, failing in

[1] BROWN, J., having when district judge tried the case, took no part.

that, for a new trial. The trial court denied the motion for judgment, but ordered a new trial, and, in the order granting the same, held that, notwithstanding the insolvency of the makers of the collateral note at the time specified, such note might have had some value, which would be a question for the jury, and that "on the theory [upon which] the case was tried, that insolvency [of the Brunells] was a complete defense [as to the Plano Company], the verdict is not justified by the evidence," and that the insolvency of the makers of the note was "shown beyond any question."

We concur with the learned trial court in this statement of the issue and result of the evidence. The issue made by the pleadings and tried was the insolvency of the Brunells at the times specified in the complaint, when it is claimed their note could have been collected, and the evidence was directed only to such contention; and we also agree with the conclusion that the insolvency of the makers of the collateral note "was shown beyond any question." While it may be true that the present insolvency of the maker of a promissory note does not establish its worthlessness, and in a proper form of action, where the question of its intrinsic value becomes involved, it might, under suitable allegations, be proper to show such value, yet this rule does not apply in this suit, under the narrow issue proffered by plaintiff, and litigated at the trial by both parties. The only proof of value that could be inferred from any evidence in this case was to be drawn from the insolvency of the makers of the note between the times stated in the complaint, and upon this question the evidence shows that they were insolvent and also that no other trial of this case could legally change that result. When this conclusion is reached, it seems to us that judgment should have been ordered in favor of defendant. The justice of this course must be apparent when it is remembered that the respondent has owned the collateral note, with a subsisting cause of action thereon against the makers, ever since the disclaimer of the Plano Company, and that before such time he could have recovered nothing by suit upon it against Brunell and wife, by reason of the insolvency of such makers, which was "shown beyond any question."

Order for a new trial reversed, and case remanded, with direction to enter judgment for defendant below.